IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**SHEILA BROKENSHIRE,**            CASE NO. 3:21 CV 1816

    Plaintiff,

    v.                                        JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

    Defendant.                          **ORDER**

### INTRODUCTION

Plaintiff Sheila Brokenshire seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation (R&R) under Local Civil Rule 72.2(b)(2). Judge Armstrong recommends this Court affirm the Commissioner's final decision. (Doc. 13). Plaintiff filed objections to the R&R (Doc. 14), and the Commissioner filed a response thereto (Doc. 15). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits on March 4, 2019, alleging a disability onset date of December 14, 2018. (Tr. 214, 318). Her claims were denied initially and upon reconsideration. (Tr. 24). Plaintiff and an impartial vocational expert testified at a hearing before an administrative law judge ("ALJ") on September 3, 2020. (Tr. 68-91). The ALJ found Plaintiff not disabled in a written decision on October 22, 2020 (Tr. 24-41). The Appeals Council denied

Plaintiff's request for review and made the hearing decision the final decision of the Commissioner. (Tr. 1). Plaintiff filed the instant action on September 24, 2021. (Doc. 1).

Plaintiff raised two arguments related to the ALJ decision. She first argued the ALJ applied the incorrect legal standard when evaluating the functional capacity evaluation done by Mr. Reed. (Doc. 7, at 2). She also argued the "ALJ did not have the authority to hear and ultimately make a decision in this case." *Id.* Plaintiff withdrew her second assignment of error on April 28, 2022. (Doc. 11).

In her R&R, Judge Armstrong concluded that while the ALJ cited an outdated regulation, the ALJ did in fact comply with the new regulations by assessing the opinion's supportability and consistency. She thus concludes any error in the outdated citation was harmless and recommends the Court affirm the Commissioner's decision. (Doc. 13, at 21).

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of*

*Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION

Plaintiff raises a single objection to the R&R. She argues the ALJ relied on an outdated regulation and that the Magistrate Judge erred by finding any mistake harmless. (Doc. 14, at 3). Plaintiff specifically argues the ALJ failed to properly consider the supportability and consistency factors under 20 C.F.R. § 404.1520c. *Id.* Plaintiff posits the ALJ's failure to identify specific evidence that was inconsistent with or unsupported by the record warrants remand. *Id.* at 4. She further contends the failure by both the ALJ and Judge Armstrong to "address[] which portions of Mr. Reed's functional capacity evaluation were unsupportive of his opinions" is indicative of noncompliance with 20 C.F.R. § 404.1520c. *Id.*

This Court finds that the ALJ effectively complied with the controlling regulation and agrees with Judge Armstrong that the application of an outdated regulation was a harmless error given the substantive analysis provided by the ALJ. *See, e.g., Pritt v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 106283, *29 (N.D. Ohio) ("ALJ's consideration of a criterion not relevant under the current Listings was harmless because the substance of his analysis was nevertheless consistent with the requirements of the current Listings."). The ALJ discussed Plaintiff's functional capacity evaluations (Tr. 32-33) and referenced that evidence when weighing the consistency of Mr. Reed's opinions (Tr. 37). *See Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir, 2006) (finding no error where the "ALJ described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings."). The ALJ likewise cited evidence supporting her conclusions including Plaintiff's February and May 2019 evaluations. (Tr. 33).

3

In the Sixth Circuit, "an agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Service Com.*, 721 F.2d 1054, 1056 (6th Cir. 1983). Plaintiff's arguments of prejudice are not well-taken in light of the ALJ's analysis of the consistency and supportability of Mr. Reed's opinion. This Court finds, on *de novo* review, no error in Judge Armstrong's subsequent analysis thereof.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 13) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                         s/ *James R. Knepp II*
                                         UNITED STATES DISTRICT JUDGE